```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF VIRGINIA
                       ALEXANDRIA DIVISION


ALAN J. CILMAN,                  )
                                 )
          Plaintiff,             )
v.                               )    CIVIL ACTION NO. 06-1099
                                 )
M. A. REEVES, et al.,            )
                                 )
          Defendants.            )
```

## ORDER

THIS MATTER is before the Court on Defendants M. A. Reeves and the Town of Vienna's Motion for Summary Judgment on Plaintiff Alan J. Cilman's 42 U.S.C. § 1983 and Va. Code § 19.2-59 claims. This case concerns Mr. Alan Cilman's claims that a police officer kicked in the door to his home without a warrant in order to arrest Mr. Cilman on suspicion of a traffic offense.  Plaintiff also alleges that the Town of Vienna failed to properly train and supervise its officers with regard to the constitutional rights of citizens.  The two (2) issues before the Court are:  1) whether Officer Reeves is entitled to the defense of qualified immunity shielding him from Mr. Cilman's suit where the Fourth Amendment proscription against unreasonable searches and seizures precludes an officer from making a warrantless entry into a home to effect a traffic arrest except under very limited circumstances not present in this case; and 2) whether the Court should grant Defendant's Motion for Summary Judgment on

1

Plaintiff's supervisory liability claims against the Town of Vienna because there are no facts supporting those claims. The Court denies Defendant's Motion for Summary Judgment against Plaintiff's § 1983 claim against Defendant Reeves because Officer Reeves violated a clearly established constitutional right of the plaintiff and is consequently not entitled to the defense of qualified immunity. The United States Supreme Court case *Welsh v. Wisconsin*, finding unconstitutional a police officer's warrantless entry into a suspect's home, absent exigent circumstances, to make an arrest for a non-violent traffic offense, has been the law for nearly thirty years and Officer Reeves is required to know the basic parameters of the Fourth Amendment jurisprudence. 466 U.S. 740, 748 (1984). Officer Reeves is not entitled to qualified immunity here, where Mr. Cilman's allegations suggest that Officer Reeves's warrantless entry into his home may have violated his Fourth Amendment rights. The Court grants Summary Judgment against Plaintiff's supervisory liability claims against the Town of Vienna because the plaintiff has failed to demonstrate a genuine issue of material fact that would support such a claim.

## I. BACKGROUND

Plaintiff Cilman alleges that Officer Reeves kicked down the door to his home to arrest him for suspicion of driving while intoxicated, eventually charging him with drunk in public and

escape without force.  Officer Reeves alleges that he observed an erratic driver speeding out of a parking lot, and after tailing the vehicle at some distance, followed the car into a parking lot.  Mr. Cilman alleges that he left a local bar, Neighbors Restaurant in Vienna, drove home and pulled into his driveway at around midnight when he noticed a police car pull in behind him.

Officer Reeves testified at deposition that his police cruiser emergency lights were on when he pulled his into the driveway and that Plaintiff saw the cruiser.  Officer Reeves testified that he gestured or shouted to Mr. Cilman to stop, to which Mr. Cilman replied, "[n]o this is my property, please leave" before quickly retreating to his home.  Both Officer Reeves and Mr. Cilman testified that Officer Reeves did not inform Plaintiff that he was under arrest before Plaintiff entered his home.  Officer Reeves then drove out of the driveway, called for backup assistance and returned to Mr. Cilman's home a few minutes after the initial encounter.

Officer Reeves asserts that upon his return, he engaged Mr. Cilman through his front door and Mr. Cilman refused to open it or come outside.  Thereafter, Officer Reeves kicked in Mr. Cilman's door without a search or arrest warrant and arrested Mr. Cilman for drunk in public and escape without force.  The charges against Mr. Cilman were ultimately dismissed and Mr. Cilman brought this suit against Officer Reeves and the Town of Vienna

for violation of his civil rights under the Fourth Amendment. The defendants moved for summary judgment asserting both qualified immunity for the officer and a lack of facts offered to support a 42 U.S.C. §1983 claim against the Town of Vienna.

## II. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate where no material issue of fact exists and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P.  56(c).  In reviewing a motion for summary judgment, the Court views the facts in a light most favorable to the non-moving party.  Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 238 (1986).  "Rule 56(e) requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

4

**B. Analysis**

    1. Qualified Immunity

    The Court denies Defendant Reeves' Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 claim based on the assertion of a defense of qualified immunity because the evidence shows a genuine issue of material fact that the officer violated the plaintiff's clearly established Fourth Amendment right against unreasonable search and seizure.  The test for qualified immunity for police officers sued under 42 U.S.C § 1983 is "whether in performing discretionary function, they have engaged in conduct that violates 'clearly established constitutional rights of which a reasonable person would have known.'" *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  "In determining whether a government official is entitled to qualified immunity, the steps are sequential; we "'must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all,'" before "'proceed[ing] to determine whether that right was clearly established at the time of the alleged violation.'"  *Amaechi v. West*, 237 F.3d 356, 360 (4th Cir. 2001).  The tolerance of qualified immunity is deliberately designed to give protection to "all but the plainly incompetent or those who knowingly violate the law."  *Pritchett,*

973 F.2d at 313 (citing *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

"It is axiomatic that the 'physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed.'" *Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984). "[E]xceptions to the warrant requirement are 'few in number and carefully delineated,' and . . . the police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Id*. at 748-49. "[A]lthough no exigency is created simply because there is probable cause to believe that a serious crime has been committed . . . application of the exigent-circumstances exception in the context of a home entry should rarely be sanctioned when there is probable cause to believe that only a minor offense, such as [driving under the influence or drunk in public] has been committed." *Id.* at 753.

Following the analysis of *Amaechi*, the Court must first determine whether the officer violated the plaintiff's constitutional rights. The United States Supreme Court has held that law enforcement officers may not make a warrantless entry into a home to effect an arrest for driving while intoxicated. *Welsh*, 466 U.S. at 740. In *Welsh*, police officers responded to the scene of an abandoned car in the middle of a field that had recently run off the road. *Id*. A witness at the scene informed the officers that the seemingly inebriated driver had abandoned

6

the vehicle and walked off.  *Id*.  After obtaining the suspect's address a short distance away by reviewing the vehicle registration, the officers proceeded to the home in search of driver.  *Id*.  Upon arriving at the suspect's home, the officers gained entry without a warrant, and placed the suspect, who they found lying naked in bed, under arrest for "driving a motor vehicle while under the influence of an intoxicant."

In determining whether suspicion of driving while intoxicated was sufficient to give rise to an exigent circumstances exception to the Fourth Amendment warrant requirement for entering a home, the Court in *Welsh* focused on the lack of severity of the underlying offense.  *Id*.  Quoting from a prior decision addressing the justification for a warrantless entry of a home to make an arrest, the Court stated, "[i]t is a shocking proposition that private homes, even quarters in a tenement, may be indiscriminately invaded at the discretion of any suspicious police officer engaged in following up offenses that involve no violence or threats of it."  *Id*. at 751 (quoting *McDonald v. United States*, 335 U.S. 451, 459-60 (1948)).

At the summary judgment hearing, counsel for Defendants argued that the holding in *Welsh* was based in large part on the fact that the underlying offense of driving while intoxicated was a noncriminal, civil forfeiture offense.  As the Virginia Legislature has chosen to make driving under the influence a

7

crime punishable by a minimum $250 fine and possible incarceration of not less than five days, counsel argued, the analysis in *Welsh* should not extend to the instant facts.[1]  The Court finds this argument unpersuasive.

The Supreme Court in *Welsh* did find the fact that the Wisconsin state legislature classified driving under the influence as only a civil forfeiture crime persuasive in finding that charge insufficient to support a warrantless entry into a home.  *Welsh*, 466 U.S. at 752.  The outcome determinative fact, however,  seemed not to have been the classification of the charge or the severity of punishment for the underlying offense, but the relative lack of severity of the offense itself.  *Id*. (quoting *State v. Guertin*, 461 A.2d 963, 970 (Conn. 1983) ("The [exigent-circumstances] exception is narrowly drawn to cover cases of real and not contrived emergencies.  The exception is limited to the investigation of serious crimes . . . .")).

As in the instant case, the suspect in *Welsh* had arrived at his home without hurting anyone and without doing any significant property damage, and the Supreme Court found it unreasonable for the officer to enter his home to make an arrest for a non-violent offense where there was no real threat of future danger present.

---

[1] Though Plaintiff was ultimately charged with drunk in public and escape without force, Officer Reeves initially began to follow the plaintiff because he suspected that he was driving while intoxicated and that suspicion is what ultimately motivated his warrantless entry into the plaintiff's home.

Similarly in the case at bar, absent some genuine, articulable threat to public safety, Officer Reeves was not entitled to forcibly enter Plaintiff Cilman's home, either for suspicion of driving under the influence, or for drunk in public and resisting arrest as argued by the plaintiff. *See Welsh*, 466 U.S. 740. In sum, Defendant Reeves had no right to kick in the door of Plaintiff's home and his warrantless entry was not justified under any recognized exception to the Fourth Amendment. Defendant Reeves clearly violated a constitutional right of the plaintiff.

Having met the first showing, the Court must then determine whether or not there is adequate Fourth Amendment jurisprudence protecting the plaintiff's right to remain free from warrantless search and seizure in his home with only suspicion of DWI as the offence supporting the warrantless search. *Welsh*, a twenty-three year old Supreme Court case, held that suspicion of DWI is not an exigent circumstance justifying warrantless entry into a home. 466 U.S. 740. The rule from *Welsh* is more than sufficient "to afford [Reeves] adequate notice that his [warrantless entry of Cilman's home] transgressed the Fourth Amendment." *Amaechi*, 237 F.3d at 363. Even viewing the disputed facts in light most favorable to the defendant, which is contrary to the normal summary judgment standard of review, Officer Reeves has engaged in a deprivation of Mr. Cilman's constitutionally protected right

9

to be free from warrantless entry into his home and consequently Reeves is not entitled to qualified immunity. The Court, therefore, denies Reeves's motion for summary judgment upon his assertion of the qualified immunity defense.

### 2. Supervisory Liability

The Court grants Defendant's Motion for Summary Judgment on Plaintiff's claims against the Town of Vienna because the plaintiff cannot allege sufficient facts to support such a claim. In certain circumstances, supervising officials may be held liable for the constitutional injuries inflicted by their subordinates. *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). To establish supervisor liability under 42 U.S.C. § 1983, the plaintiff must establish that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff, (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices," and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Id.* at 799. Establishing a "pervasive" and "unreasonable" risk of harm requires evidence that the conduct is widespread, or at

least has been used on several different occasions, and that the subordinate's conduct poses an unreasonable risk of harm of constitutional injury. *Id.* (citing *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). A plaintiff may establish "deliberate indifference" by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses." *Id.* (citing *Slakan*, 737 F.2d at 373). However, the plaintiff has a heavy burden in that he cannot establish deliberate indifference by pointing to a single incident or isolated incidents because a supervisor cannot be expected to promulgate rules and procedures for every conceivable occurrence or guard against unanticipated criminal acts of properly trained subordinates. *Id.*

Similarly, "[a] municipality's failure to train its officers can result in liability under section 1983 only when such failure reflects 'deliberate indifference' to the rights of its citizens." *Doe v. Broderick*, 225 F.3d 440, 456 (4th Cir. 2000) (citations omitted). "That is, [o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality — a 'policy' as defined by our prior cases — can a city be liable for such failure under § 1983." *Id*.

To support his opposition to Town of Vienna's motion for summary judgment, Plaintiff points to the deposition testimony of Chief Carlisle for the admission that he gives no specific training on how and when to kick down a door to make a search.

This testimony, combined with the absence of any discipline cases for illegal searches initiated by the department, Plaintiff suggests, is a sufficient showing to establish a continued pattern of inaction on the part of the supervisor to survive summary judgment.  Plaintiff has failed to meet the requisite "heavy burden" necessary to impute liability to Officer Reeves's conduct.  In order to impute supervisory liability, the plaintiff must be able to identify a systematic practice of officers making warrantless entries into suspects' homes without justification and that supervisors either encouraged the practice or did nothing to address it once they became aware of it.  All that Plaintiff can point to is two unrelated incidents that led to complaints: one involving a *Terry*-type stop on a pedestrian and one *Terry* stop and subsequent search of a vehicle.  These are exactly the type of random, unrelated incidents that the Fourth Circuit has found insufficient to impute liability to supervising law enforcement officers.  *Shaw*, 13 F.3d at 798.  As the plaintiff has failed to make the substantial showing necessary to impute liability to the town of Vienna, Defendant Vienna's Motion for Summary Judgment is granted.

### III. CONCLUSION

For the forgoing reasons, the Court denies in part and grants in part Defendant's Motion for Summary Judgment.  The Court denies Defendant Reeves's Motion for Summary Judgment on

Plaintiff's 42 U.S.C. § 1983 claim based on the assertion of a defense for qualified immunity because the officer violated a clearly established Fourth Amendment right of the plaintiff. The Court grants Defendant's Motion for Summary Judgment on Plaintiff's claims against the Town of Vienna because the Plaintiff cannot allege sufficient facts to support such a claim.

For the forgoing reasons, it is hereby

ORDERED that Defendant M.A. Reeves's Motion for Summary Judgment on Plaintiff's 42 U.S.C. § 1983 is DENIED.  It is further

ORDERED that Defendant Town of Vienna's Motion for Summary Judgment on Plaintiff's Supervisory Liability Claim is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __20___ day of June, 2007.

```
              _____/s/_____
              Gerald Bruce Lee
              United States District Judge
```

Alexandria, Virginia
06/20/07